UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN C. CALDERON, CDCR #H-75038, | Case No.: 25cv3394-BTM (SBC) |
| Plaintiff, | **ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g)** |
| vs. | |
| K. MENCIAS and JOHN DOES 1-30, | |
| Defendants. | |

Plaintiff Juan C. Calderon, a state prisoner proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1-2.) As noted below, Plaintiff acknowledges he is ineligible to proceed IFP under 28 U.S.C. § 1915(g) due to having "three strikes," that is, three prior cases filed as a prisoner dismissed as frivolous, malicious, or for failure to state a claim, but has filed a request for judicial notice in which he argues that the "imminent danger of serious physical injury" exception to the three strikes rule applies here. (ECF No. 4.)

## IFP MOTION

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350 fee, and those not granted leave to proceed IFP must pay an additional administrative fee

1

of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

**A.   "Three Strikes" Provision**

For prisoners like Plaintiff, however, the Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Once a prisoner has accumulated three strikes, he is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1055 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.") "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that (they were) frivolous, malicious, or fail() to state a claim," *Andrews*, 398 F.3d at 1116 n.1, "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

While Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, "in some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Andrews*, 398 F.3d at 1120. That is the case here.

**B.    Prior "Strikes"**

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Based on a review of court dockets, the Court finds that Plaintiff Juan C. Calderon, currently identified as California Department of Corrections and Rehabilitation ("CDCR") Inmate #H-75038, while incarcerated, has had at least three prior civil actions dismissed on the grounds they failed to state a claim upon which relief may be granted. They are:

(1) *Calderon v. Bonta,* No. 23cv0212-KMG-EFB (P) (E.D. Cal. Aug. 2, 2023) (Findings and Recommendations ("F&R") re dismissing amended complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) [ECF No. 17]); *id.* (E.D. Cal. Mar. 26, 2024, order adopting F&R [ECF No. 32]) (strike one);

(2) *Calderon v. Bonta*, No. 23cv1065-DJC-DMC (P) (E.D. Cal. Dec. 5, 2023) (F&R re dismissing complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) [ECF No. 23]); *id.* (E.D. Cal. Feb. 15, 2024, order adopting F&R [ECF No. 26]) (strike two);

(3) *Calderon v. Covello*, No. 23cv1974-DJC-DB (P) (Nov. 21, 2023) (F&R re dismissing amended complaint without leave to amend for failure to state a claim [ECF No. 26]; *id*. (E.D. Cal. Apr. 1, 2024) order adopting F&R [ECF No. 29]) (strike three).

Thus, Plaintiff has accumulated at least three "strikes" as defined by § 1915(g). In fact, Plaintiff acknowledges that he has filed "50 plus federal civil actions" and that § 1915(g) applies here. (ECF No. 1 at 1-2.) He argues, however, that he can satisfy the "imminent danger of serious physical injury" exception. (ECF No. 4.)

25cv3394-BTM (SBC)

**C.      Imminent Danger of Serious Physical Injury**

Once a prisoner has accumulated three strikes, section 1915(g) prohibits proceeding IFP in any subsequent civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.") The Court must determine if the alleged harm amounts to "serious physical injury" and whether the threat of such harm is "imminent." *Cervantes*, 493 F.3d at 1055-56.

Plaintiff alleges that when he arrived at Richard J. Donovan Correctional Facility ("RJD") on August 20, 2025, "all inmates, employees and outside People of Southern California were unlawfully notified, agitated, manipulated with Plaintiff's 1992 criminal case No. 159531 of Santa Clara County." (ECF No. 1 at 5.) Plaintiff alleges that Defendant Mencias "has willfully altered or changed child endangerment to cruelty to a child based on his own rules or discretionary authority." (*Id*.) He alleges Mencias and Defendants John Does have disclosed "a false probation officer report which is derogatory extremely disturbing data unsupported by real facts or evidence causing real evil madness feelings on inmates, employees, people certainly." (*Id*.) These Defendants "are laughing, mocking and having fun with Plaintiff's real misery; safety; hostile living conditions; and evil organization of wrongs." (*Id*.) Plaintiff alleges that his "breathing air, water, food are tampered with prison doctors' designed chemicals causing adverse effects, reactors or reactions on Plaintiff's lungs, liver, kidney, joints and mental abilities to keep brain under distortional thinking while obstructing litigation, remedy at law and rational judgment of the Plaintiff," and alleges the Defendants are not trying to help him nor willing to do so. (*Id*. at 6.) These amount to conclusory allegations connecting the alleged actions by Defendants to a threat to his health. Plaintiff's request for judicial notice contains similarly conclusory and unconnected allegations that although he is an "illegal immigrant alien unlawfully convicted of three felonies of child endangerment 273(a)(1) and felony murder," the Defendants "have unlawfully changed name of crimes to be falsely named

child molestation; sexual abuse cruelty to a child; and killing of a child," and that as a result "he has been "isolated, robbed, discriminated and retaliated against" which has negatively affected his health and wellbeing. (ECF No. 4 at 1-14.)

Section § 1915(g)'s "imminent danger" exception cannot be triggered solely by complaints of past harm or generalized fears of potential harm. *See Cervantes*, 493 F.3d at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring(ing)' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.") A prisoner fails to meet the exception where claims of imminent danger are speculative, implausible or conclusory. *Id.* at 1057 n.11. Rather, the "threat or prison condition (must be) real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)), and the allegations must be specific and credible. *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001).

Plaintiff's allegations concerning his medical issues are also conclusory in that they fail to explain or identify specifically what his condition is or how he is being treated for his medical issues or if he is being denied treatment, and more importantly there are no allegations connecting the Defendants' alleged actions with the medical issues. *See Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022) (the alleged danger must "stem[] from the violations of law alleged in [the] complaint . . . [and] fairly traceable to unlawful conduct alleged in [the] complaint.") The Complaint here contains conclusory allegations of general concerns which have been ongoing since Plaintiff's arrival at RJD several months before he filed his Complaint. *See Cervantes*, 493 F.3d at 1056 (imminent danger requires a claimed harm that is "ready to take place" or "hanging threateningly over one's head."); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (the "imminent danger" exception is available "for genuine emergencies," where "time is pressing.")

Accordingly, because Plaintiff has, while incarcerated, accumulated at least three "strikes" as defined by § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not

25cv3394-BTM (SBC)

entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (stating that "court permission to proceed in forma pauperis is itself a matter of privilege and not right.")

## CONCLUSION AND ORDER

Good cause appearing, the Court **DENIES** the Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(g) and **DISMISSES** Plaintiff's Complaint for failure to satisfy the filing fee requirement. Unless Plaintiff pays the $405 civil filing fee within forty-five (45) days of the date this Order is filed, the Court will enter a final judgment of dismissal.

**IT IS SO ORDERED**.

Dated:  February 19, 2026

Hon. Barry Ted Moskowitz
United States District Judge

25cv3394-BTM (SBC)